# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

THE ENERGY MONSTER, INC.,

        Movant.

v.

MONSTER ENERGY COMPANY,

        Respondent.

)  Civil Action No.: 4:20-mc-94003-TSH
)
)  (Opposition No. 91223020 Pending in the
)  United States Trademark Trial and Appeal
)  Board)
)
)  Hon. Timothy S. Hillman
)
)  M.J. David H. Hennessy
)
)
)

## MONSTER ENERGY COMPANY'S RESPONSE TO THE ENERGY MONSTER, INC.'S MEMORANDUM OF LAW REGARDING CHRISTIE VLK'S DEPOSITION PURSUANT TO THE COURT'S MARCH 12th ORDER

Steven J. Nataupsky (*Admitted Pro Hac Vice*)
Lynda Zadra-Symes (*Admitted Pro Hac Vice*)
Matthew S. Bellinger (*Admitted Pro Hac Vice*)
Jason A. Champion (*Admitted Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 740-9502

Steven A. Abreu (BBO # 672177)
Sharona H. Sternberg (BBO #682384)
SUNSTEIN KANN MURPHY
& TIMBERS LLP
125 Summer Street
Boston, MA 02110-1618
Telephone: (617) 443-9292
ssternberg@sunsteinlaw.com

Attorneys for Respondent
MONSTER ENERGY COMPANY

Monster Energy Company ("Monster") hereby responds to The Energy Monster, Inc.'s ("TEM") Memorandum of Law regarding Christie Vlk's deposition.  D.N. 34.

On January 8, 2020, Monster timely served a subpoena on Christie Vlk to provide testimony at 9:00 a.m. on January 20, 2020.  Monster served TEM with a copy of that subpoena on January 3.  D.N. 34-1, Ex. A.  On January 15, Ms. Vlk contacted Monster and stated that she could not appear on January 20, but could appear on January 22.  D.N. 11, ¶ 13.  On January 17, Monster sent an email notifying TEM that Ms. Vlk had "agreed to appear for a deposition on January 22, 2020," and attached a copy of the amended subpoena with the date, time, and location of the deposition.  D.N. 34-5, 34-6 at 3.  TEM's counsel did not object to the date of the deposition or request that Monster move the deposition date.[1]

On January 21 (the day before the deposition and after Monster's counsel was already in transit from California to Worcester), TEM filed its Motion to Quash.  D.N. 2.  The Motion was not filed on behalf of Ms. Vlk.  *Id.*  Later that evening, TEM's counsel notified Monster by email that it would be representing Masterman's, NPSW[*sic*], and Mary Casey, and that those witnesses "will not be complying with your subpoenas until the [Motion to Quash] has been resolved with the Court."  D.N. 11-18.  The email did not state that TEM's counsel represented Ms. Vlk and Ms. Vlk appeared for her deposition as scheduled on January 22.[2]  D.N. 11-8.

---

[1] During the hearing on March 11, 2020, counsel for TEM represented to the Court that it did not attend Ms. Vlk's deposition because of a conflict and that it had informed Monster of the conflict prior to the deposition.  Ex. 1, Tr. 79:3-10.  This justification is noticeably absent from TEM's brief, *see generally* D.N. 34, and TEM's counsel never informed Monster of any alleged conflict.

[2] In that correspondence, TEM represented that only three witnesses (Masterman's, NPSW[*sic*], Mary Casey) would not comply with the subpoenas. D.N. 11-18.  TEM's counsel did not allege that Ms. Vlk would not comply with the deposition subpoena, and thus tacitly acknowledged the deposition would proceed as scheduled.  *See id.*

With full awareness of the subpoena, and that TEM's Motion to Quash had not been granted, TEM's counsel chose not to appear at Ms. Vlk's deposition. Now, unhappy with Ms. Vlk's testimony of widespread confusion between the parties' marks occurring in the marketplace, TEM now seeks to block her testimony and attack her credibility. D.N. 34. But TEM's regret in not attending the deposition does not justify sanctioning Monster or forcing Ms. Vlk to testify a second time. Monster provided TEM with ample notice, and neither Monster nor Ms. Vlk indicated to TEM's counsel that the deposition would not proceed as scheduled.

TEM offers no legal basis for its "understanding" that the deposition would not occur until after the Court ruled on the Motion to Quash. D.N. 34 at 2. Ms. Vlk did not then or thereafter seek to join TEM's Motion to Quash and TEM lacked standing to move to quash on her behalf.[3] Moreover, even if TEM's counsel represented Ms. Vlk, and it did not, "**[t]*he filing of a motion to quash or a motion for protective order does not automatically stay a deposition***." *Goodwin v. City of Bos.*, 118 F.R.D. 297, 298 (D.Mass. 1988) (emphasis added). If TEM did not want to proceed with the deposition it should have reached out to Monster to reschedule the deposition or requested the Court stay the deposition pending the motion to quash. *See Id*. TEM did neither.

TEM's actions should not be rewarded with a grant of attorney's fees or the opportunity to cross-examine Ms. Vlk in a second deposition. Similarly, TEM's request to strike Ms. Vlk's testimony from the record in the opposition proceeding should be denied as it would undermine the authority of the Trademark Trial and Appeal Board. Monster respectfully requests that the Court deny TEM's motion in its entirety.

---

[3] *See Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F.Supp. 2d 444, 450 (D.Mass. 2011) (a party has no standing to move to quash a subpoena served upon a third party, except as to claims of privilege).

Respectfully submitted,

Dated:  March 27, 2020          By:  */s/ Jason A. Champion*

Steven J. Nataupsky (*Admitted Pro Hac Vice*)
Matthew S. Bellinger (*Admitted Pro Hac Vice*)
Jason A. Champion (*Admitted Pro Hac Vice*)
Hans L. Mayer (*Admitted Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 740-9502

Steven A. Abreu (BBO # 672177)
Sharona H. Sternberg (BBO #682384) S
UNSTEIN KANN MURPHY & TIMBERS LLP
125 Summer Street
Boston, MA 02110-1618
Telephone: (617) 443-9292
ssternberg@sunsteinlaw.com

Attorneys for Respondent
MONSTER ENERGY COMPANY

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing on March 27, 2020, with the Clerk

of the Court using the CM/ECF system, which sent notification of such filing to the following:

C. Alexander Chiulli
achiulli@bglaw.com
Eve Brown
ebrown@bglaw.com
BARTON GILMAN LLP
75 Federal Street, 9th Floor Boston, MA 02110
Telephone: (617) 654-8200
Fax: (617) 482-5350

*/s/ Jason A. Champion*
Jason A. Champion