**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE ENERGY MONSTER, INC., <br><br> Movant, <br><br> v. <br><br> MONSTER ENERGY COMPANY, <br><br> Respondent, <br><br> And <br><br> MASTERMAN'S LLP. NPSW, INC., and MARY CASEY, <br><br> Interested Parties. | **No. 4:20-mc-94003-TSH** |

**ORDER**

**April 2, 2020**

Hennessy, M.J.,

The matter before this court concerns discovery disputes about non-party subpoenas related to an underlying trademark matter pending before the Trademark Trial and Appeal Board ("TTAB"). For the reasons stated below, the January 22, 2020 deposition of Christine Vlk is **STRICKEN** and Monster Energy Company ("MEC") is granted **LEAVE TO RENOTICE** her deposition so that The Energy Monster, Inc. ("TEM") can participate.

**DISCUSSION**

On January 8, 2020, MEC served a Rule 45 subpoena on non-party Christine Vlk for a deposition noticed for January 20, 2020. [Dkt. No. 2, Ex. 12, at p. 104]. On January 13, 2020, TEM made objections to Ms. Vlk's subpoena and MEC believed that these objections may require

judicial involvement.  [Dkt. No. 34, Exs. C-D].  On January 15, 2020, Ms. Vlk notified counsel for MEC that she would sit for a deposition on January 22, 2020, not January 20, 2020.  [Dkt. No. 11 (Champion Affidavit), at ¶ 13].  On January 17, 2020, MEC served an amended subpoena on Ms. Vlk noticing a new deposition date of January 22, 2020.  [Dkt. No. 34, Ex. E; see also Dkt. No. 11, Ex. P].  On January 21, 2020, the next business day, TEM filed a motion to quash and a motion for a protective order.  [Dkt. Nos. 1-2].  In its motion, TEM requested, among other relief, that this court quash Ms. Vlk's deposition.  [Dkt. No. 2, at p. 3].  On January 22, 2020, MEC deposed Ms. Vlk without the participation of TEM.  [Dkt. No. 11, Ex. H].  On January 22, 2020, discovery in the underlying TTAB matter closed.[1]

On February 7, 2020, the undersigned held a hearing on TEM's motion.  [Dkt. No. 18]. Insofar as TEM moved to quash Ms. Vlk's deposition, the undersigned denied TEM's motion as moot.  [Dkt. No. 17].  The undersigned held in abeyance TEM's request for sanctions related to Ms. Vlk's January 22, 2020 deposition and for other relief.  [Dkt. No. 17].  On March 11, 2020, the undersigned held another hearing related to the parties' discovery disputes.  [Dkt. No. 28].  At this hearing, the undersigned permitted the parties to submit additional memoranda regarding TEM's request for sanctions against MEC for its conduct related to Ms. Vlk's deposition.  [Dkt. No. 27].  Following submissions from both parties [Dkt. Nos. 34, 27], this issue is ripe for adjudication.

United States v. Woods, 5:05-CR-00131 (FL), 2010 WL 11549130, at *4-5 (E.D.N.C. Sept. 7, 2010), provides guidance for where a party takes a non-party deposition while a motion to quash that deposition is pending.  In Woods, the court provided the defendants with opportunity to reopen the deposition of the non-party witnesses because the United States should have waited until the

---

[1] On March 5, 2020, TTAB amended its scheduling order to extend the parties' discovery deadline.

court ruled on the defendants' motion to quash before it conducted the deposition without the presence of the defendants. Id. at *5 ("[T]he Court is troubled by the government's conduct of these depositions in light of the pending motion to quash. The government does not address in its response why it chose to proceed with these depositions before the Court had the opportunity to rule on the motion to quash."). In the instant matter, the undersigned has the same concerns with MEC's conduct.

Though MEC provides a litany of reasons why it conducted a deposition one day after TEM filed a motion to quash and for a protective order, it does not state that it ever expressly asked TEM whether it should reschedule the deposition or if TEM planned to participate. Here, MEC served the operative amended subpoena on January 17, 2020 which noticed a deposition on January 22, 2020. TEM filed its motion on January 21, 2020. January 17, 2020 was the Friday before a weekend and the Monday was Martin Luther King Day, a legal holiday. See Fed. R. Civ. P. 6(a)(6). TEM filed its motion on the next business day, January 22, 2020. "The filing of a motion to quash or a motion for protective order does not automatically stay a deposition." Goodwin v. City of Bos., 118 F.R.D. 297, 298 (D. Mass. 1988). However, "[i]n the circumstances, it seems rather imprudent not to have called counsel for the defendants before going ahead with the deposition." Id. Though TEM never filed a motion to stay, MEC should have been on notice that TEM was seeking to stay all pending non-party discovery based on the contents of its January 21, 2020 motion.[2] Additionally, regardless of MEC's belief as to the merits of TEM's objections to its subpoena of Ms. Vlk, MEC should have recognized the risk of a court issuing a protective

---

[2] The parties did communicate on the night of January 21, 2020 after TEM filed its motion to quash. [Dkt. No. 11, at Ex. R]. The undersigned finds that this communication is not an express or implicit consent by TEM to proceed with Ms. Vlk's deposition the next morning. Rather, in this email, TEM's counsel suggests that it may be representing Ms. Vlk. This communication would have been an appropriate time for MEC to confirm that it planned to proceed with the deposition despite TEM's motion.

order against a deposition noticed five days before the close of discovery.  Accordingly, MEC's conduct regarding Ms. Vlk's January 22, 2020 deposition warrants remedial sanctions.

TEM did not attend the deposition on January 22, 2020.  Therefore, TEM did not expend any resources related to that deposition and monetary sanctions are inappropriate.  TEM's prejudice is limited to the lack of opportunity to participate - *i.e.* to hear Ms. Vlk's testimony and to cross-examine her.  See Woods, 2010 WL 11549130, at *5.  To remedy TEM's lack of opportunity to participate, the undersigned orders the January 22, 2020 deposition of Christine Vlk be stricken.  MEC is granted leave to renotice Ms. Vlk's deposition at a new date so that TEM can participate.[3]

## CONCLUSION

For the reasons stated above, the January 22, 2020 deposition of Christine Vlk is **STRICKEN**.  MEC is provided **LEAVE TO RENOTICE** the deposition on a new date consistent with Fed. R. Civ. P. 45, the TTAB scheduling order, the Local Rules, and taking into account any additional considerations precipitated by the COVID-19 pandemic.

/s/ David H. Hennessy
David H. Hennessy
U.S. Magistrate Judge

---

[3] In Woods, the court ordered that the first unattended deposition be reopened and it did not strike the prior deposition. Woods, 2010 WL 11549130, at *5.  Here, unlike Woods, TEM had twenty-four hours – not six weeks – to confer regarding the impact of its motion on the scheduled January 22, 2020 deposition.  Though not blameless in the instant matter, TEM's fault is less than the defendants in Woods.  Thus, striking the January 22, 2020 deposition is warranted here.